**IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER KYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: _____ |
| | ) | |
| VIRGINIE ACHIM, M.D. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Christopher Kyes, by and through counsel, Stephen M. Brandenburg of CAMELI & HOAG, P.C., for his Complaint against Defendant, Virginie Achim, M.D., pleading hypothetically and in the alternative, states as follows:

## INTRODUCTION

1. Christopher Kyes hereby files this complaint for the recovery of damages as a result of negligent medical care he received from Virginie Achim, M.D.

## PARTIES

2. Plaintiff Christopher Kyes is an individual and a veteran of the United States Army. He resides at 102 N. Garfield Ave., Valparaiso, Indiana 46383 and is a citizen of the State of Indiana

3. That at all times pertinent hereto, defendant Virginie Achim, M.D. was a physician duly licensed within the State of Illinois and a board-certified otolaryngologist.

4. Virginie Achim, M.D. currently a resides in Spokane, Washington and is a citizen of the State of Washington.

## JURISDICTION AND VENUE

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the cause of action alleged in the Complaint occurred in the City of Chicago, County of Cook and State of Illinois.

6. This Court has jurisdiction over the subject matter in the Complaint against Dr. Virginie Achim pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the Plaintiff and the Defendant, who are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## UNDERLYING FACTS

7. On November 8, 2019, Kyle Kyes presented to Dr. Alex Labby at the Jesse Brown VA Medical Center with progressive right sided neck and throat pain and a right oropharyngeal mass concerning for malignancy.

8. On that same date, a biopsy of the ulcerative right tonsil mass was taken during a laryngoscopy. Dr. Labby ordered pathology to be tested for P16, concerning for squamous cell carcinoma.

9. On November 12, 2019, the right tonsil biopsy specimens were reviewed by Jesse Brown VA Medical Center pathologist Dr. Marlene Gallegos.

10. Dr. Gallegos' initial diagnosis based upon a microscopic review was poorly differentiated carcinoma. Immunohistochemical stains were requested by Dr. Gallegos to further characterize the carcinoma.

11. On November 19, 2019, Dr. Gallegos' issued a supplemental pathology report further clarifying her diagnosis as follows:

Revised Diagnosis based on immunohistochemical stains:

- Poorly differentiated squamous cell carcinoma, see comment.

Comment: The carcinoma is positive for the P63 immunohistochemical stain, consistent with a poorly differentiated squamous cell carcinoma.

The P16 immunohistochemical stain is negative. The control stains appropriately.

/es/ Marlene GALLEGOS

12. On November 21, 2019, the case was discussed at tumor board. Mr. Kyes was referred to Dr. Virginie Achim at the University of Illinois Medical Center for surgical evaluation.

13. On November 22, 2019, Mr. Kyes was seen and evaluated by Dr. Virginie Achim at the University of Illinois Medical Center.

14. Dr. Achim had access to Mr. Kyes' medical records and imaging from the Jesse Brown VA Medical Center.

15. Based upon her review of Mr. Kyes' records and more specifically the results from November 8, 2019, biopsy, Dr. Virginie Achim recommended that Mr. Kyes go forward with an extensive surgical procedure.

16. Dr. Virginie Achim failed to discuss with Mr. Kyes the possibility that the diagnosis of poorly differentiated squamous cell carcinoma could be incorrect and that such a surgery could be unnecessary.

17. Dr. Virginie Achim relied on the report from Jesse Brown VA Medical Center pathologist Dr. Marlene Gallegos in recommending surgery for Mr. Kyes.

18. Dr. Virginie Achim did not order a pathological review of the slides from the November 8, 2019, biopsy and/or second biopsy prior to going forward with the surgery on Mr. Kyes.

19. On December 3, 2019, Dr. Virginie Achim based upon the presumed diagnosis of "p16 negative squamous cell carcinoma of the right tonsil" performed the following surgery on Christopher Kyes:

   a. DaVinci assisted robotic right radical tonsillectomy;

   b. DaVinci assisted robotic right partial glossectomy (base of tongue);

   c. Right level II-IV neck dissection;

   d. Selective artery ligation – right neck; and

   e. DHT placement.

20. On December 12, 2019, Dr. Frederick G. Behm at the University of Illinois Medical Center issued a pathology report regarding his analysis of the December 3, 2019, surgical specimens providing a diagnosis of "Diffuse large B-cell lymphoma."

21. On December 20, 2019, Dr. Virginie Achim revealed to Mr. Kyes the change in diagnosis of his cancer from "squamous cell carcinoma" to "Diffuse large B-cell lymphoma." Dr. Achim further indicated that the treatment for lymphoma is generally systemic therapy rather than surgery. Dr. Achim referred Mr. Kyes back to a hematologist at the Jesse Brown VA Medical Center for treatment of the lymphoma.

22. On information and belief, Dr. Gallegos requested a review of the original biopsy specimen and slides by the Defense Health Agency – Joint Pathology Center, 606 Stephen Sitter Avenue, Silver Spring, Maryland 20910.

23. On December 23, 2019, the Dr. Robert D. Foss, DDS, MS, a head and neck pathologist at the Joint Pathology Center, issued a report indicating that the biopsy specimen showed "CD5 positive diffuse large B-cell lymphoma, germinal center type."

24. On January 6, 2020, upon review of the report from the Joint Pathology Center, Dr. Gallegos withdrew her prior diagnosis of "Poorly differentiated squamous cell carcinoma" and issued a revised diagnosis of "CD5 positive diffuse large B-cell lymphoma, germinal center type."

25. On information and belief, Dr. Achim requested a review of the original biopsy slides by the University of Illinois Medical Center.

26. On January 30, 2020, Dr. Frederick Behm of University of Illinois Medical Center issued a report regarding his review of the slides from the original November 8, 2019, biopsy specimen. Dr. Behm noted as follows:

> The three received slides for review include 1 H&E, one immunohistochemical (IHC) stain for P16 and another slide with an IHC stain for P63. My impression of these slides is that they show an infiltrating submucosal neoplasm that cannot be definitively classified without additional studies.
>
> I would include in my differential diagnosis prior to the performance of additional studies: 1) Large cell lymphoma and 2) Undifferentiated carcinoma.

27. Based upon the revised diagnosis of lymphoma confirmed by multiple pathologists, the radical tonsillectomy and tongue resection completed by Dr. Virginie Achim on December 3, 2019, was unnecessary and improper.

## COUNT I
### (Negligence – Virginie Achim, M.D.)

28. Plaintiff restates and reincorporates into Count I the allegations contained in Paragraphs Nos. 1 through 27 as if they were fully stated herein.

29. In providing care to Christopher Kyes, defendant Dr. Virginie Achim, M.D., was guilty of one or more of the following acts and/or omissions:

   a. Completed an unnecessary radical surgical procedure on Christopher Kyes;

   b. Failed to order a review of the pathology slides and/or specimens from the November 8, 2019 biopsy;

   c. Failed to order and/or recommend a second biopsy before completing the radical surgical procedure;

   d. Failed to advise Mr. Kyes that the recommended surgery was potentially unnecessary and that additional testing could be performed to confirm the diagnosis;

    e.  Failed to utilize reasonable and adequate otolaryngological procedures in the treatment of Christopher Kyes;

    f.  Improperly relied solely upon the paper pathology report from Jesse Brown VA Medical Center;

    g.  Improperly recommended a radical surgical procedure for Christopher Kyes without conducting sufficient due diligence on the presumed cancer diagnosis; and/or

    h.  Was otherwise careless and negligent.

30. On December 3, 2019, the date of the unnecessary surgery, and thereafter, Christopher Kyes was injured.

31. The aforesaid injuries were a direct and proximate result of one or more of the aforesaid acts and/or omissions of Dr. Virginie Achim, M.D.

32. That as a direct and proximate result of the aforesaid injuries, Christopher Kyes has been caused to incur legal obligations for medical, hospital, nursing, therapeutic and related services; lost and will lose profits and earnings which he otherwise would have made and acquired; has been caused to experience and will experience physical pain and mental suffering; has been caused and will continue to experience emotional distress; has been caused to suffer disability and a loss of a normal life; has been caused to suffer disfigurement; has lost and will lose an enjoyment of life; has suffered a loss of life expectancy; and has suffered other injuries of a personal and pecuniary nature; all of which injuries are permanent.

33. That the Affidavit of Plaintiff's counsel pursuant to 735 ILCS § 6/2-622 and the corresponding consultant's report is attached hereto and marked as Exhibit A.

WHEREFORE the Plaintiff, Christopher Kyes, prays for judgment against the Defendant, Virginie Achim, M.D., in such an amount that shall exceed $75,000 and as shall be just and proper compensation for the injuries sustained, plus costs, pre-judgment interest, and post-judgment interest.

## JURY DEMAND

Plaintiff, Christopher Kyes, demands trial by jury as to all claims triable as such.

Date: September 3, 2021    Respectfully submitted,

CAMELI & HOAG, P.C.

By: /s/ Stephen M. Brandenburg

Stephen M. Brandenburg
CAMELI & HOAG, PC
Attorneys for Plaintiff
105 W. Adams St., Suite 1430
Chicago, Illinois 60603
Phone: (312) 726-7588
Email:    sbrandenburg@camelihoaglaw.com